We'll move on to the fourth case of the day, Dorsey against Varga, and we will hear from Mr. Solibo. This appeal is a little bit unusual in that we're only going to be hearing from one side because the other side is elected not to respond, not because we're going to be hearing at ex parte. So, Mr. Solibo. Good morning and may it please the court. Alani Solibo on behalf of plaintiff Dorsey began suffering from severe and chronic back pain. He's a prisoner in the custody of the Illinois Department of Correction, and though he sought and repeatedly requested medical treatment, he was denied that medical treatment. Adding insult to his injury, he was also forced to take psychiatric medication that he alleges, at least, was against his will and without any medical basis. He filed a complaint in the Northern District of Illinois seeking redress, but he never got to address the merits of his lawsuit because his complaint in the case was dismissed in early 2021. We say that's error for three reasons. First, despite the district court's order, Mr. Dorsey's claims were not improperly joined. Second, even if they were improperly joined, the remedy for misjoinder is not dismissal, but severance, or at least not dismissal of the claims, but severance. And third, it was error to repeatedly deny Mr. Dorsey's request for accruitment of counsel. Turning to the first point, if Mr. Dorsey's claims arose out of the same transaction or occurrence or series of transaction occurrence, liberal construction of his claim leaves only one inescapable conclusion, that the back injury begot his medical treatment, his seeking medical treatment, and his seeking medical treatment begot the forced psychiatric medication. The district court instead said that these claims were improperly misjoined because they were separate parties dealing with separate actions. But this court's case law isn't that clear-cut. Instead, it says that you could have claim A versus defendants B and C and claim D versus defendants E and F as long as they arise out of the same transaction or occurrence. Under Rule 20, you also have to have a common question of law or fact. What is the common question of law or fact with his due process claim and his Eighth Amendment deliberate indifference claim? Well, I think it's the question of the prison official's action. So though it's due process to one set and deliberate indifference to one set, I think the common factor that he sought medical treatment was denied medical treatment and given the wrong medical treatment. Even though there are different actors involved in each incident? Yes. That's, do you think that's sufficient to be a common question of law or fact, just that it's a prison act? Because that would, imagine what that would open up. You can bring all sorts of claims about conditions of prisons with deliberate indifference and link them all into one if it were enough that it was the same prison taking actions. But I think, and I apologize if I'm incorrect, I think that's what some of this court's case law said. I think that's true in the Wheeler case. I think that was true in the case involving the transgender prison inmate who was seeking gender-affirming treatment. That it was not true in both claims that the same officials were involved, but the common occurrence or the claims involved the same transaction occurrence and therefore related under Rule 20. One of the things that's been a concern of ours in trying to distinguish between proper joinder and misjoinder is in essence the danger that defendants on these different claims would wind up trying to blame each other. Right? Do you see any risk of that here? Well, I think because the due process has to do with the forced medication and because the deliberate indifference has to do with not treating the back injury that that's probably unlikely here. But I've seen that concern in the case law, understand as well, but I don't see how that would be possible here at least. Why would... We are talking here about just the same few days, aren't we? Yes. Okay, so he's not getting treated for the back pain instead he's getting the psychiatric medicines. Yes. I should say not that I don't want to make it seem like it'll happen in a week. I think it's within the same two to three week period. If I remember correctly, back injury occurs in late July of 2018. The forced psychiatric medication begins in in early February of 2018. So I think it's same general month period but not back-to-back over the course of a few days. But if the claims were not properly joined and severance was an option, obviously the concern with pro se prisoner cases is the charging under the PSLRA that if the court were to automatically sever the cases, the inmate is going to get another filing fee. And you can imagine there are many inmates who might be strongly opposed to have occurred here. I think to sever the parties and waive the fee, I don't know what was in the district's mind. We're not allowed to waive the fee. We've got IFP as an option but that postpones payment. Should there been some opportunity to give your client the opportunity to make that determination if he wanted to sever them in advance? Because I can tell you there will be a strong outcry if we tell courts that if they think joined or is inappropriate and claims should be severed, that they should automatically sever them and then the prisoner get charged the second filing fee. Well then I agree with the court's proposal that he be able to apply for IFP in the second case as well. But it wouldn't matter. I mean he could still apply for IFP but under the PSLRA it's not waived. He will get assessed the full filing fee. It will just be done over a monthly period depending on what his financial means are. But I still think that's Mr. Dorsey's choice. I think the wrong outcome is the outcome in this case to dismiss the suit entirely. The effect of the statute of limitations that he can't refile without reversal of this court. So I think either way Rule 21 was written in a way to prevent this exact outcome. So whether or not Mr. Dorsey would have chosen to pursue a second claim, whether or not Mr. Dorsey would have picked one claim or the other if it had been explained to him in the way that Your Honor's explained it, it's a different question. We know here at least the suit was dismissed. Mr. Dorsey can't refile and that the only way for him to bring his claims back into court is reversal from this court. Let me ask, go back to the question about whether the joinder was proper or not and the other. I understood from your brief that part of plaintiff's theory here is that the forcible psychiatric medication delayed treatment of his back and caused him more pain. That seems to link the two sets of actions pretty closely and for example if you were trying only the back pain, if I'm the defendant on that back pain, I look at what your client has argued and alleged and I say even if I did something wrong, these other folks who are not in this case made it worse and so you can't hold me completely responsible for this. So we're immediately into that finger, the blame game. That's right, Your Honor. There's no way to really avoid that. I think as I said earlier, even if the court were to misjoinder here, dismissal is still the right outcome given Rule 21. So, Mr. Salivo, you've been gracious enough to accept the court's invitation to represent Mr. Dorsey in this case in this appeal and one of the issues is about representation if we were to send it back. I have to ask, is that something you and your firm would be willing to continue with? You don't need to commit right now, but I want to at least put the issue on the table. I don't quite know. I know that in the past when we've spoken to him, we told him there's no promise that we would represent him before the district court and that's something I'd have to take back and ask about. It's a very different kind of relationship and commitment, but I hope you'll think of it as on the table. Thank you, Your Honor. If I could turn to the third point, the point about the motion for recruitment of counsel. I know that the standard review is abuse through discretion. I know that's a high threshold, but I think it's met here because of the changing circumstances. Between the second motion and the third motion for recruitment of counsel, Mr. Dorsey explained rather humbly that he did not understand what the district court was asking him to do, did not understand how to solve the problem that came up repeatedly in the court's first, second, third, and eventually fourth order dismissing the complaint. The district court never took his competency or reconsidered his competency in light of that letter, in light of that difficulty. That runs afoul of the case law in this circuit, which requires district courts to reconsider that competency in light of new information. It's made even worse by the fact that the court never really considered the difficulty of deliberate indifference cases, the severity of his injury, or the seriousness of this forced psychiatric medication claim. It was prejudiced because counsel would have been able to identify the issues that we've written about in our brief. We think that's another reason for reversal there as well. If there are no further questions, I'll conclude there. All right, thank you again and to you and your firm for taking on this case. We'll take the case under advisement and be in touch. Thank you very much. Thank you.